FRANKLIN NORMAN SCHENK, Petitioner, v. The STATE OF MONTANA, and W. J. ESTELLE, JR., Warden, Montana State Prison et al., Respondents.

No. 11856.

Submitted April 8, 1970.

Decided April 29, 1970.

468 P.2d 769.

John F. Bayuk (argued), ex parte, Shelby, for petitioner.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

Petitioner Schenk appears before this Court requesting a writ of habeas corpus alleging he is illegally imprisoned in the state pententiary. Counsel for petitioner, John F. Bayuk, argued the matter before the Court.

Petitioner was charged with first degree murder, with a prior felony, and convicted of second degree murder by a jury in the ninth judicial district, Toole county. He was sentenced to 27 years in the state penitentiary. He appealed this conviction and this Court in an unanimous opinion, authored by Mr. Chief Justice James T. Harrison, affirmed the judgment of the trial court. See State v. Schenk, 151 Mont. 493, 444 P.2d 861.

Thereafter, the case was taken under a writ of habeas corpus to the United States District Court, District of Montana, Butte Division, which, after a hearing, ordered a new trial. In December 1968, the case was returned to the district court of the ninth judicial district. The county attorney of Toole county dismissed the first degree murder charge and filed an amended information charging the petitioner with the crime of manslaughter and a prior conviction of a felony. Petitioner on December 23, 1968, plead guilty to the crimes charged and was sentenced to the state penitentiary for a term of 16 years.

Petitioner now alleges the authorities at the state penitentiary have either mistakenly or illegally computed his time on eligibility for parole and that he was actually eligible for parole in August, 1969.

Petitioner alleges that at the time of the second sentencing the court made certain statements in regard to time previously served by the petitioner in the Toole County jail and the state penitentiary; that such statements were made in excess of authority; and that these statements indicated the trial judge was applying the new rules under the provisions of Title 95, Chapter 22, being section 95-2206, R.C.M.1947. The effective date of section 95-2206 was January 1, 1968.

Petitioner relies upon State v. Zachmeier, 153 Mont. 64, 453 P.2d 783, 26 St.Rep. 210, as being almost an identical case and therefore controlling. We do not agree. In *Zachmeier* there was an agreement between counsel that the new trial be held under the new rules—we find no such agreement in this rcord. To the contrary, Mr. Bayuk, counsel for petitioner, indicated that he understood the court to be passing judgment under the provisions of section 94-7832, R.C.M.1947, to which the court agreed.

The record before us clearly indicates that at the time of sentencing the court carefully and fully discussed with the petitioner his action, after petitioner had entered his guilty plea. That portion of the hearing reads as follows:

"A. I AM GUILTY, YOUR HONOR.

198

"Q. Now you understand that if anybody—and I don't know that they have—but if anybody has represented to you what this Court may do in the way of punishment, you understand that the Court is not bound by that?. A. Yes.

"Q. You understand that this Court is free to give you anything in excess of 10 years in the state prison? A. Yes.

"Q. And that if anybody has made you any promises or if you have been led to believe what the Court may do, this Court is not bound by that and may impose whatever sentence the Court sees fit?. A. Yes, sir.

"Q. And I take it your plea of guilty still stands? A. Yes.

"Q. Very well, the Court again informs you, Mr. Schenk, that you may take the statutory time within which to receive the judgment of the court or you may waive the statutory period of time, which is, I believe, up to 48 hours, and receive the judgment of the Court today. Do you wish to receive judgment today? A. Yes, sir.

"Q. You would waive the statutory time for receiving judgment? A. Yes, sir.

"Q. But you understand that you don't have to receive judgment today? A. Yes.

"Q. But you want to receive it today, is that right? A. Yes.

"Q. Very well, the Court proceeds to judgment. Mr. Schenk, the County Attorney of Toole County, Mr. Rae V. Kalbfleisch, filed in this court his information against you charging you with the crime of Manslaughter in the First Count, and a Second Count of prior conviction of a felony. You represented to the court that you were indigent and did not have funds with which to hire the services of an attorney, and the Court was convinced of that fact and appointed Mr. John Bayuk to represent you. You also represented to the Court that you received a true copy of the information filed in this matter, and you represented to the Court that you had had adequate time to discuss that with Mr. Bayuk and that you had, and you represented to the Court that you understood the nature of the charges filed against you

and that you were charged in the First Count with Manslaughter and in the Second Count with a prior conviction of a felony over in Flathead County—isn't that right? A. Yes, Sir.

"Q. And you waived the reading of the information aloud to you in open court—A. Yes, sir.

"Q. You represented to the Court that you had discussed these charges with defense counsel, Mr. Bayuk, and that you understood the nature of them.—A. Yes, sir.

"Q. And the Court has told you that the maximum penalty for Manslaughter is up to 10 years in the state prison, but that because of a prior conviction of a felony the minimum penalty for manslaughter is 10 years in the state prison, and the Court informed you and does now inform you that you will receive a sentence in excess of 10 years, and you understand that, do you not? A. Yes, sir.

"Q. And you represented to the Court that you understand that you will go to prison for—you understand that you can't go to prison for less than 10 years—A. Yes, I understand.

"Q. And the Court also advised you that if anybody indicated to you what this Court may do in the way of punishment that this Court is not bound by that indication and that the Court is free to give you any sentence it sees fit as long as it is within the statute is that correct? A. Yes, that's correct.

"Q. You waived the statutory period of time to receive the judgment of the Court and you have asked the Court to impose sentence upon you today. Do you have any legal excuse or reason or mitigating facts or circumstances or any statement you wish to make prior to sentencing? A. No. sir.

"THE COURT: Very well, it is the judgment of this Court, in accordance with your plea of guilty to the charges contained in the information on file herein that you be sentenced to the Montana State Prison for a period of Sixteen (16) years. Mr. Schenk, the Court is aware of the fact that you served approximately a year and a half or in excess of a year and a half in the Montana State Prison and three or four months in the Toole

200

County Jail—in other words, as a matter of fact, you have served approximately 2 years and a month behind bars, is that right? A. Yes, sir.

"THE COURT: The Court is taking that into consideration in imposing the 16-year sentence upon you. Do you understand that? A. Yes, sir.

"THE COURT: And what I am driving at is you will be eligible for parole in approximately 3 years and several months. Whether you get paroled or not depends on you and the judgment of the Parole Board. However, it is my intention that you be sentenced to the state prison for a period in excess of 3 years. Whether you receive parole or not is for the Parole Board to consider. The Court has no power to grant you parole —understand that? Yes, sir.

"THE COURT: And in imposing sentence upon you at this time of 16 years I am taking into consideration the fact that you have served in excess of 2 years behind bars—whether it be in the Toole County Jail or the State Prison. Do you follow me? A. Yes, sir.

"THE COURT: Very well; you are remanded to the custody of the Sheriff of Toole County who will deliver you to the Warden of the State Penitentiary at Deer Lodge, Montana who will carry out the provisions of this judgment. That is all.

"MR. BAYUK: If the Court please, it is my opinion as attorney for the defendant that under the provisions of Section 94-7832, R.C.M.1947, the Court in passing sentence 'commit the defendant to a correctional institution with or without a fine as provided by law for the offense,' and that is the extent of the judgment. As to the Court's comments on the amount of time he had served and what effect if any that would have on the Parole or Pardon Board—it is my understanding that the Parole or Pardon Board takes that into consideration and they are the ones who decide if and when a prisoner is eligible for parole. That is up to them.

"THE COURT: That is true. I merely wanted the record to

show that I took into consideration the fact that the defendant served in excess of two years either in the Toole County Jail or the State Prison in imposing the 16-year sentence and that I am aware of the fact that he has served that time behind bars.''

This Court in State v. Butler, 148 Mont. 46, 53, 417 P.2d 100, 104, considered a like complaint of a petitioner and observed:

''The District Court, in making the judgment and sentence, stated as follows: 'It is herein recited that in pronouncing this Judgment and Sentence the Court and the undersigned Judge thereof has taken into consideration, among other things, the time you have already served in prison under the terms of the judgment and Sentence of April 14, 1961 * * * .' The District Court had made it quite clear to the defendant that if all the motions were granted he could be sentenced from one year to fifteen years, and the defendant acknowledged his understanding of this. The District Court chose to take into consideration the time spent in prison and only imposed six years as the sentence. * * *''

Here the trial judge did the same. The first sentence was for 27 years, and on the second go round he reduced the total sentence to 16 years, saying to the defendant:

''* * * Mr. Schenk, the Court is aware of the fact that you served approximately a year and a half or in excess of a year and a half in the Montana State Prison and three or four months in the Toole County Jail—in other words, as a matter of fact, you have served approximately 2 years and a month behind bars, is that right? A. Yes, sir.

''THE COURT: The Court is taking that into consideration in imposing the 16-year sentence upon you. Do you understand that? A. Yes, Sir.''

Here, unlike the proceedings in *Zachmeier,* the trial court handled the accreditation properly.

The petition is dismissed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES HASWELL, CASTLES and DALY concur.